UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————————— )
KELVIN J. MILES,                              )
                                              )
        Petitioner,                           )
                                              )
        v.                                    )        Civil Action No.  07-0441 (PLF)
                                              )
UNITED STATES OF AMERICA,                     )
                                              )
        Respondent.                           )
————————————————————— )

<u>MEMORANDUM OPINION</u>

        Petitioner, a District of Columbia prisoner currently confined at the Maryland

Correctional Institution at Hagerstown, seeks *habeas corpus* relief under 28 U.S.C. §§ 2241-

2254.  He asserts that his due process rights were violated during the course of his prosecution in

the Superior Court of the District of Columbia and his appeal to the District of Columbia Court

of Appeals.  He argues that his local remedy provided by statute in the District of Columbia Code

was inadequate to test the legality of his detention.[1]  Because petitioner challenges his conviction

and sentence, rather than the execution of his sentence or the conditions of his confinement, his

petition is properly treated as one brought under Section 2254.  See <u>Blair-Bey v. Quick</u>, 151 F.3d

1036, 1043 (D.C. Cir. 1998).  Upon consideration of the petition, the Court will deny the petition

for lack of jurisdiction.

---

        [1]        Petitioner attached the published disposition of his appeal to the D.C. Court of
Appeals as exhibit one to his petition.  See <u>Miles v. United States</u>, 483 A.2d 649 (D.C. 1984).
The D.C. Court of Appeals noted that petitioner unsuccessfully proceeded under Section 23-110
of the District of Columbia Code in the Superior Court.  See <u>Miles v. United States</u>, 483
A.2d at 652.

Collateral challenges to convictions entered and sentences imposed by the District of Columbia Superior Court must be brought under D.C. Code § 23-110.  See Blair-Bey v. Quick, 151 F.3d  at 1042 (D.C. Code Section 23-110 is the exclusive remedy for such challenges).  Under that local statute, an "application for a writ of habeas corpus in [*sic*] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . .  court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g) (emphasis added).  Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").  That is because Superior Court judges are federal Article I judges appointed by the President of the United States for fixed terms and confirmed by the Senate.  See generally Palmore v. United States, 411 U.S. 389, 392, 407-10 (1973).

Furthermore, "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992).  As the court of appeals said in Garris v. Lindsay:

> In determining whether the local remedy is "inadequate or
> ineffective," we are guided by judicial interpretations of the
> statutory provisions enabling federal prisoners to challenge their

convictions.  The federal and local statutes are nearly identical in language, and functionally they are equivalent.  The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus.  That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion.  "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S. 372, 382-83 (1977)) (footnotes omitted).

The "inefficacy of the remedy" is the only issue before this Court.  Garris v. Lindsay, 794 F.2d at 727.  Petitioner has not been "denied a full and fair opportunity to litigate a colorable claim in the District of Columbia courts."  Id.; compare Streater v. Jackson, 691 F.2d 1026, 1027-28 (D.C. Cir. 1982) (directing that case remanded to the district court be held in abeyance where District of Columbia prisoner complained about being "given the run around" in the local courts on his unadjudicated constitutional claim of ineffective assistance of counsel). Petitioner's argument merely invites this Court to review the District of Columbia Court of Appeals' opinion affirming the Superior Court's denial of his Section 23-110 motion and the conviction of the petitioner.  This Court has no authority to review final judgments of the District of Columbia courts.  See Fleming v. United States, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 416 (1923)).  Petitioner's recourse from the D.C. Court of Appeals' affirmance of the Superior Court's decision was to seek review in the United States Supreme Court by filing a petition for a writ of certiorari.  28 U.S.C. §§ 1254 (a), 1257 (b); see Swain v. Pressley, 430 U.S. at 382, n. 16; Fleming v. United States, 847 F. Supp. at 172.

3

Petitioner has not shown that his remedy by motion under Section 23-110 is inadequate or ineffective to test the legality of his detention.  The Court therefore concludes that this action must be dismissed for lack of jurisdiction.  An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 14, 2007

Copies to:

Kelvin J. Miles, 15786
MCI Hagerstown
18601 Roxbury Road
Hagerstown, MD 21746

Petitioner

United States Attorney's Office
Special Proceedings Section
555 4th Street N.W.
Washington, D.C.  20001

Counsel for Respondents