RECEIVED
AUG 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In The United States District Court
For The District Of Columbia

Kelvin J. Miles
        v.                                Civil Action No. 07-0441 (PLF)
United States of America

Motion To Vacate Judgment
And Appointment Of Counsel

Pro Se Petitioner Kelvin J. Miles moves this Court for "Motion To Vacate Judgment of Petition For Writ Of Habeas Corpus, amendment and motion herein on file in the above captioned matter. This motion is pursuant to Fed. R. Civ. P. 60(B),(1)(6)(1)(2) and (3). Relief from judgment of March 14, 2007.

1. Petitioner states that he request relief from this Court's judgment of his petition for writ of habeas corpus on 3-14-07 because The District of Columbia Superior Court and Court of Appeals was ineffective or inadequate to test the legality of his detention of the 23-110 motion, when trial attorney Frank Burgess represent at trial, at initial post conviction hearing and at direct appeal. Ineffective assistance of counsel claims requires a hearing. Smith v United States, 600 A.2d 78, 97 (D.C. 1991). Petitioner never received a hearing. (2)(when initial 23-110 motion is required... ~~appointment~~

the appointment of counsel by trial court is obligatory. This the trial court did not do. Brown's trial counsel did not purport to represent Brown at the initial 23-110 hearing indeed trial counsel was barred from such representation because of obvious conflict of interest. See Brown v United States, 656 A.2d 1133, 1136 (D.C. Code 11-2601(3)(A) 1992; Joe v United States, 583 A.2d 673; see it is conflict of interest for lawyer to represent prisoner in 23-110 proceeding on his own ineffectiveness, see Ramsey v United States, 569 A.2d at 146, in the instant case Attorney Frank Burgess represented Petitioner at trial, initial 23-110 proceedings and on direct appeal. See Miles v United States, 483 A.2d 649, 652 (D.C. 1984) see petition for habeas corpus, amendments and motions herein on file in the above captioned matter. In Olevsky v District of Columbia, 548 A.2d 78, 80, 83, See D.C. Code 11-2602, We observed the trial judge ignored his "obligation to recognize that he had a discretionary right to appoint counsel for Olevsky and to exercise that discretion in an informed and meaningful manner," and held that where an indigent defendant was deprived of his right to have counsel appointed, absent valid

waiver, his conviction must be reversed. In the instant case Petitioner was not inform of that right.

2. Petitioner request appointment of counsel to assist him discovery purposes and to prove the 23-110 motion was flawed and if attorney is not appointed Petitioner will be prejudiced.

3. Pro se complaint, petition, motion should not be dismissed for failure to state claim and entitled to less stringent standards than formal proceeding drafted by an attorney. See Haines v Kerner, 404 U.S. 518, 520-21.

Wherefore, Petitioner prays that this motion to vacate judgment of March 19, 2007 petition for writ of habeas corpus is grant and counsel is appointed for hearing if one is schedule.

I declare under the penalty of perjury that the above statements are true and correct to the best of my knowledge.

Kelvin J. Miles, 151867
MCI-H
18601 Roxbury Road
Hagerstown, Md. 21746

Certificate of Service

I hereby certify that a copy of this motion was mailed on 8-30-07 to U.S. Attorney's Office at 555 4th Street N.W., Wash, D.C. 20001. Kelvin Miles